Receipt number 9998-5140023

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| GEORGE N. GAYNOR,       )<br>                                                    )<br>        Plaintiff,                    )<br>                                                    )<br>    v.                                          )   DOCKET NO. **19-53 T**<br>                                                    )<br>UNITED STATES OF AMERICA,  )<br>                                                    )<br>        Defendant.               )<br>                                                    )<br>                                                    ) | |

## COMPLAINT

PLAINTIFF, George N. Gaynor, brings this action and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for recovery of civil penalties for failure to timely file Form 5471, Information Return of U.S. Persons With Respect to Certain Foreign Corporations, for (1) RBO Investment, Ltd (formerly named Runcar, Ltd) for the years 2002-2015, and (2) Sonoside Consulting, Inc., for the years 2004-2015, all pursuant to 26 U.S.C § 6038(b), erroneously and illegally assessed and collected from Plaintiff.

### JURISDICTION

2. Jurisdiction is conferred on this Court under 28 U.S.C. § 1491(a) (1).

### PARTIES

3. Plaintiff, George N. Gaynor, resides at 1500 North Lake Shore Drive, Chicago, IL.

4. The Defendant is the United States of America.

**STATEMENT OF THE CLAIM**

**Form 5471 Filing Requirements**

5. 26 U.S.C § 6038(a), and the regulations thereunder, require every United States person that controls a foreign business entity to file Form 5471, Information Return of U.S. Persons With Respect to Certain Foreign Corporations.

6. Form 5471 is required to be filed with the income tax return of the United States person.

7. 26 U.S.C § 6038(b) imposes a penalty of $10,000 if the Form 5471 is not timely filed.

8. 26 U.S.C § 6038(c)(4) further provides that the $10,000 penalty will not be imposed if there is reasonable cause for the failure to timely file Form 5471.

**The Foreign Corporations**

9. The facts upon which Plaintiff relies are as follows:

   a. Plaintiff is a 69 year old married man living in Chicago, Illinois.

   b. Plaintiff is a graduate of Northwestern University.

   c. Plaintiff is a stock and derivatives trader. He is Chairman of the Norris Foundation, Trustee of various trusts, and corporate director.

   d. Plaintiff's father was Managing Director, Caltex, Inc., and Chairman, Texaco, SPA.

   e. Plaintiff assisted his father with his investments.

   f. All of Plaintiff's father's required filings with the Internal Revenue Service were prepared by Malcom Davis, CPA. Plaintiff had no involvement in or knowledge of any of these filings.

   g. From the early 1950's Plaintiff's father was living in Europe. In the late 1960's while living in Italy, the Italian government froze all bank accounts and Plaintiff's

parents were without access to their funds for several years. To prevent a recurrence, Plaintiff's father established a Swiss investment account, managed by Aquila & Co., AG, in Zurich.

　　h. In the late 1990's, Plaintiff's father asked Plaintiff to visit Zurich twice a year to check on this investment account, as due to his health and age, Plaintiff's father no longer felt up to doing it himself.

　　i. Plaintiff complied with this request, incurring all of the expenses himself.

　　j. In October 2000, Plaintiff's father created Sonoside Consulting, Inc. ("Sonoside"), a Panamanian corporation. Plaintiff was named as a beneficial owner of Sonoside.

　　k. Sonoside was created by Plaintiff's father in order to pay for Plaintiff's expenses incurred in travelling to Zurich to manage his father's investments. Subsequently in 2004, Vantage, through a management agreement with Centrapriv Zurich, AG, transferred the control and management of Sonoside Consulting to Centrapriv.

　　l. Plaintiff knew nothing of Sonoside until he was subsequently informed of it by Aquila & Co., AG, the Swiss investment manager of Sonoside. At that time, and continuing, Plaintiff was never advised by Aquila that he had U.S. reporting responsibilities for Sonoside.

　　m. Subsequent to its formation of Sonoside, Centrapriv formed Runcar Limited ("Runcar"), a separate corporation owned and funded by Sonoside. Plaintiff was advised by Centrapriv that Runcar needed to be created as a separate entity, based in Zug, Switzerland, for licensing an automobile driven by Plaintiff in Switzerland.

n. As was the case with Sonoside, Plaintiff was assured by Centrapriv that Runcar was a Swiss corporation as to which Plaintiff had no U.S. reporting responsibilities.

o. Had Sonoside been domestic and not foreign, Plaintiff would have had no personal reporting responsibility for Sonoside.

p. Plaintiff had no reason to believe the rules were any different for foreign accounts.

q. Beginning in 2008 or 2009, due to the publicity surrounding the UBS case, Plaintiff became concerned about foreign bank accounts.

r. Sometime in 2010, Plaintiff learned that there were probably U.S. filing requirements for corporate owned foreign bank accounts.

s. Finally, in October of 2011, following repeated requests, a new employee of Centrapriv took Plaintiff to meet Steven Kraft, an American CPA working in Zurich.

t. It was at that time that Plaintiff was first advised by a knowledgeable professional that he had U.S reporting responsibilities for the bank accounts. At this time, Plaintiff was still unaware that he had a separate reporting responsibility for Sonoside and Runcar.

u. Notwithstanding Plaintiff's lack of knowledge that Forms 5471 were required to be filed for Sonoside and Runcar, it was not until October 2012 that Plaintiff had obtained sufficient records to enable Plaintiff to file such forms.

v. It was not until Plaintiff received from the Internal Revenue Service ("IRS") a notice dated May 8, 2017, captioned "Failure to File Form 5471" that Plaintiff became aware for the first time that he had a Form 5471 filing responsibility for Sonoside. As

the IRS made no mention of Runcar in this notice, Plaintiff reasonably assumed that, as Runcar was effectively a subsidiary of Sonoside, no Form 5471 was required to be filed for Runcar.

w. By letter dated July 26, 2017, Plaintiff transmitted to the IRS Forms 5471 for Sonoside for the years 2004-2015 as directed by the IRS notice referred to in the foregoing paragraph u. A Statement of Reasonable Cause for failing to timely file these forms was also transmitted.

x. It was not until Plaintiff received from the IRS a notice dated September 12 2017, captioned "Failure to File Form 5471" that Plaintiff became aware that he also had a Form 5471 filing responsibility for Runcar.

y. By letter dated December 5, 2017, Plaintiff transmitted to the IRS Forms 5471 for Runcar for the years 2002-2015 as directed by the IRS notice referred to in the foregoing paragraph x. Plaintiff also transmitted a Statement of Reasonable Cause for failing to timely file these forms.

z. By letter dated June 6, 2018, the IRS advised Plaintiff that his Statement of Reasonable Cause submitted with regard to the Sonoside Forms 5471 had been denied, and that he would be assessed a penalty of $10,000 for each of years 2004 through 2015, for a total of $120,000. Plaintiff was further advised that if he disagreed with that decision, he could request consideration by the IRS Office of Appeals.

aa. By letter dated June 19, 2018, Plaintiff transmitted to the IRS a Protest to the Sonoside Forms 5471 penalties and a Request for Consideration by the Office of Appeals.

bb. As of the date of the filing of this Complaint, Plaintiff has not received a response to his Request for Consideration by the Office of Appeals.

cc. By letter dated June 6, 2018, the IRS advised Plaintiff that his Statement of Reasonable Cause submitted with regard to the Runcar Forms 5471 had been denied, and that he would be assessed a penalty of $10,000 for each of years 2002 through 2015, for a total of $140,000. Plaintiff was further advised that if he disagreed with that decision, he could request consideration by the IRS Office of Appeals.

dd. By letter dated June 19, 2018, Plaintiff transmitted to the IRS a Protest to the Runcar Forms 5471 penalties and a Request for Consideration by the Office of Appeals.

ee. As of the date of the filing of this Complaint, Plaintiff has not received a response to his Request for Consideration by the Office of Appeals.

ff. At no time did Plaintiff ever knowingly or intentionally disregard any legal obligation with respect to either Sonoside or Runcar.

gg. As Plaintiff was unaware of any Form 5471 filing responsibility for either Sonoside or Runcar until he was notified by the IRS by letters dated May 8, 2017, relating to Sonoside, and September 12, 2017, relating to Runcar, he had reasonable cause for not timely filing such forms until the date of such letters.

hh. All Forms 5471 relating to Sonoside and Runcar were timely filed after Plaintiff received the notices referred to in the foregoing paragraph dd.

ii. The penalty assessed against Plaintiff for failure to timely file Forms 5471 for Sonoside with respect to the years 2004 through 2015, in the amount of $10,000 for a total of $120,000, is without legal basis and therefore erroneous.

jj. The penalty assessed against Plaintiff for failure to timely file Forms 5471 for Runcar with respect to the years 2002 through 2015, in the amount of $10,000 for a total of $140,000, is without legal basis and therefore erroneous.

kk. Alternatively, as Plaintiff was unable to obtain the records needed to file Forms 5471 for both Sonoside and Runcar until October 2012, Plaintiff had reasonable cause for not timely filing such forms until the necessary records had been obtained.

### The penalty assessments for years 2002-2005 are time barred

10. Pursuant to 26 U.S.C. 6501(c)(8), the assessment period for penalties under 26 U.S.C. § 6038 relating to the late filing of Form 5471 is limited to tax years open after March 18, 2010. Accordingly, the 5471 penalties relating to Sonoside and Runcar for the years 2002-2005 are time bared and thus illegal. This limitation was confirmed by Chief Counsel of the IRS in CCA-822152-11.

### The penalty assessments for years 2002-2009 are contrary to IRS policy and therefore unlawful and unenforceable

11. The Internal Revenue Manual (IRM 1.2.14.1.8) provides that penalties for delinquent returns will normally not be asserted for more than six years. In the case of Runcar, the IRS has assessed penalties for fourteen years, and twelve years with respect to Sonoside. No explanation was provided by the IRS as to why its stated policy of six years was not followed with respect to either Sonoside or Runcar. The failure by the IRS to follow its stated policy and assessed penalties against Sonoside and Runcar was arbitrary and capricious and therefore unlawful and unenforceable.

**Plaintiff's Partial Payment of the 5471 Penalty**

12. By letter dated June 19, 2018, Plaintiff transmitted to the IRS payment in the amount of $1,200 with a request that the amount of $100 be applied against the $10,000 penalty assessment for the Sonoside Form 5471 penalty for each of the years 2004-2015.

13. By letter dated November 21, 2018, Plaintiff transmitted to the IRS payment in the amount of $1,400 with a request that the amount of $100 be applied against the $10,000 penalty assessment for the Runcar Form 5471 penalty for each of the years 2002-2015.

14. By CP49 Notice dated December 18, 2018, the IRS applied a Form 1040 overpayment for the year 2004 in the amount of $1,200 to the "civil penalty owed for December 31, 2004."

**CLAIM FOR RELIEF**

    **WHEREFORE**, Plaintiff requests that the Court enter judgment against the United States and issue an Order granting Plaintiff the following relief:

15. For recovery of the Form 5471 penalties illegally assessed and collected from Plaintiff with respect to Sonoside for the years 2004-2015 each in the amount of $100, for a total of $1,200, or such greater amount as may be proven at trial;

16. For recovery of the Form 5471 penalties illegally assessed and collected from Plaintiff with respect to Runcar for the years 2002-2015 each in the amount of $100, for a total of $1,400, or such greater amount as may be proven at trial;

17. For recovery of the civil penalty illegally assessed and collected from Plaintiff for the year 2004 in the amount of $1,200, or such greater amount as may be proven at trial;

18. That the Form 5471 penalty assessments and ensuing interest and penalties made by the IRS against Plaintiff for failure to timely file Forms 5471 with respect to Sonoside for the years 2004-2015 were without legal basis and therefore uncollectible;

19. That the Form 5471 penalty assessments and ensuing interest and penalties made by the IRS against Plaintiff for failure to timely file Forms 5471 with respect to Runcar for the years 2002-2015 were without legal basis and therefore uncollectible;

20. That the Form 5471 penalty assessments and ensuing interest and penalties made by the IRS against Plaintiff for failure to timely file Forms 5471 with respect to Sonoside for the years 2004 through 2009 were contrary to IRS policy, arbitrary and capricious, and therefore unlawful and unenforceable.

21. That the Form 5471 penalty assessments and ensuing interest and penalties made by

the IRS against Plaintiff for failure to timely file Forms 5471 with respect to Runcar for the years 2002 through 2009 were contrary to IRS policy, arbitrary and capricious, and therefore unlawful and unenforceable.

22. That the Form 5471 penalty assessments and ensuing interest and penalties made by the IRS against Plaintiff for failure to timely file Forms 5471 with respect to Sonoside for the years 2004-2005 are barred by the statute of limitations.

23. That the Form 5471 penalty assessments and ensuing interest and penalties made by the IRS against Plaintiff for failure to timely file Forms 5471 with respect to Runcar for the years 2002-2005 are barred by the statute of limitations.

24. An award of attorney's fees and costs to Plaintiff to the extent allowed by law, and

25. Such further and other relief the Court may deem just and proper.

Respectfully Submitted,

Dated: January 10, 2019         _s/ Michael C. Durney_____
                                Michael C. Durney
                                Law Offices of Michael C. Durney
                                1000 Potomac Street N.W., Suite 200
                                Washington, D.C. 20007
                                Telephone: 202.965-7744
                                Facsimile: 202.965-1729
                                Email: mcd@mdurney.com

                                *Attorney for Plaintiff*